The trial court did not err and the judgment will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.

---

WELLING, ADMR., *v.* THE CINCINNATI TRACTION CO.

*Negligence — Wrongful death of wife — Evidence — Domestic relations admissible by defense, when.*

In an action to recover damages for wrongful death of a wife, the defendant may introduce evidence tending to show the relations of the deceased and her husband during her lifetime, the state of mind of the deceased toward her husband, and a different situation than that claimed by the plaintiff.

(Decided January 11, 1918.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Kelley & Remke,* for plaintiff in error.
*Messrs. Kinkead & Rogers,* for defendant in error.

LIEGHLEY, J. The parties stood in the same order below.

Clara Stilger met her death while a passenger on a car of the defendant company, leaving surviving her a husband, Robert Stilger, but no children. The plaintiff, John A. Welling, as administra or,

filed his petition in the court below to recover damages for wrongful death. The case was tried to a jury, and resulted in a verdict for plaintiff in the sum of two hundred and fifty dollars. The plaintiff, complaining chiefly about the amount of the verdict, prosecutes error from this judgment to this court to reverse the same.

The issue submitted to the jury for its determination in the first instance was whether or not the defendant company was negligent, which issue was resolved in favor of the plaintiff.

The jury was then called upon to decide what pecuniary loss had been sustained by her husband, Robert Stilger. To establish the amount of this pecuniary loss the plaintiff introduced evidence tending to show the age of the deceased, when she was married, the length of time she lived with her husband, the affection which each displayed to the other during the time they lived together, what she said about her intention to return to her husband during the period of time that she was separated from him, and so forth. The proof disclosed that the deceased had lived with her husband in Louisville, Kentucky, for a period of ten months, when she left him and came to Cincinnati and sought and obtained employment in her own behalf. She met her death about five months after her separation from her husband, at which time she was employed and earning her own living in Cincinnati. The plaintiff introduced proof of letters written by her to her husband during this latter period, and the evidence of at least three witnesses, who testified that on a visit to Louisville some time before her

death she told said witnesses that she expected soon to return to Louisville to live with her husband.

The plaintiff complains that the court admitted testimony offered on behalf of the defendant, over the objection of plaintiff, directed to the "state of mind" of the deceased toward her husband at and before her death, for the purpose of meeting the claims of the plaintiff, based upon the proof introduced by plaintiff, above set forth. The plaintiff had a right to show the relations of the deceased and her husband during her lifetime. We think the defendant had a right to show a different situation than that claimed by the plaintiff. The pecuniary loss in one case is more or less than in another case for the very reason that the relation of the parties, among other things, differs. This husband and wife had been separated five months. By some it was said that their relations were pleasant while they lived together, and that she had expressed an intention to return to him. The pecuniary loss under such circumstances might well be declared to be greater by the jury than in a case such as claimed by the defendant, that the husband had been very cruel to her, had maltreated her, had hoped that the train would kill her on her trip to Cincinnati, and that the deceased had repeatedly stated that she would never return to her husband because of his treatment and conduct. Under the circumstances of this case as it developed during the progress of the trial, we think no evidence was submitted to the jury that should not have been submitted. Unless a jury may know the true relations of the parties in such a case, where a husband is seeking to recover his pecuniary loss for

her death, how could a jury fairly approximate the amount of that loss?

For the most part, the other assignments of error are predicated upon the one just disposed of. It is claimed that the verdict is contrary to and manifestly against the weight of the evidence. Deciding as we do, that the admission of the evidence complained of was not erroneous, the amount of damages constituting the pecuniary loss to the husband was a question for the jury, to be solved by it upon the substantially controverted proof in the case upon this subject.

It is claimed the verdict is contrary to law. Upon the theory that the jury believed that the deceased never intended to return to her husband by reason of his brutality and mistreatment, as claimed by the defendant, we can not say that the amount of the verdict is contrary to law under the circumstances of this particular case.

Complaint is made that the court erred in its charge to the jury. If we are correct in our conclusions heretofore stated, the charge of the court to the jury is free from prejudicial error.

The judgment of the court below is affirmed.

*Judgment affirmed.*

GRANT and CARPENTER, JJ., concur.

Judges of the Eighth Appellate District, sitting in place of Judges JONES, GORMAN and HAMILTON of the First Appellate District.