VILMAR LOETSCH, as Executrix of ROSE YANKOVICH, Deceased, et al., Respondents, *v.* NEW YORK CITY OMNIBUS CORPORATION et al., Appellants.

Argued October 19, 1943; decided December 2, 1943.

*Joseph Cole* and *Henry J. Smith* for appellants. The trial court erred in excluding from evidence the will of decedent offered by defendants. (*Layer* v. *City of Buffalo,* 274 N. Y. 135; *Galbraith* v. *Busch,* 267 N. Y. 230; *Houghkirk* v. *President,* 92 N. Y. 219; *Wilkinson* v. *Boehm,* 231 App. Div. 295; *Arnold* v. *State,* 163 App. Div. 253; *Orendorf* v. *N. Y. C. R. R. Co.,* 119 App. Div 638; *Welling* v. *Cincinnati Traction,* 12 Ohio App. 136; *Kwiatkowski* v. *Lowry, Inc.,* 276 N. Y. 126.)

*Frank Aranow* and *Benjamin H. Siff* for respondents. An action for wrongful death is for the recovery of pecuniary loss. Neither affection nor its absence is material to the issue. The will, therefore, was properly excluded. (*Abel* v. *Northampton Traction Co.,* 212 Penn. St., 329; *Dunbar* v. *Charleston & W. C. Ry. Co.,* 186 F. 175; *Boos* v. *Minneapolis, St. Paul & Sault Ste. Marie Ry. Co.,* 127 Minn. 381; *Belzoni Hardwood Lumber Co.* v. *Langford,* 89 So. 919; *Closson* v. *Griffith,* 245 N. Y. 552.)

THACHER, J. Appeal by defendant from the non-unanimous judgment of the Appellate Division affirming a judgment of the Supreme Court, New York County, in favor of plaintiff in a wrongful death action.

Upon the trial of this action counsel for defendants-appellants offered in evidence the will of the decedent dated December 2, 1940, for the purpose of proving the statement of the decedent with respect to her relations with her husband. The statement was as follows: " Whereas I have been a faithful, dutiful, and

loving wife to my husband, Dean Yankovich, and whereas he reciprocated my tender affections for him with acts of cruelty and indifference, and whereas he has failed to support and maintain me in that station of life which would have been possible and proper for him, I hereby limit my bequest to him to one dollar."

On plaintiffs' objection the will was excluded from evidence, and the exception taken presents the only question for our consideration. The will, executed within four months prior to decedent's death, was relevant to an understanding of the relations which existed between the decedent and her husband. It is always proper to make proof of the relations of the decedent to the person for whose benefit the action is maintained, because such proof has a bearing upon the pecuniary loss suffered by the person entitled to the recovery, and this is true whether the beneficiary is the surviving husband or wife or one or more of the next of kin. (*Murphy* v. *Erie R. R. Co.*, 202 N. Y. 242, 245; *Houghkirk* v. *President, etc., D. & H. Canal Co.*, 92 N. Y. 219; *Sternfels* v. *Metropolitan Street Ry. Co.*, 73 App. Div. 494, affd. 174 N. Y. 512; *Farley* v. *N. Y., N. H. & H. R. R. Co.*, 87 Conn., 328, 336.)

The measure of loss is to be determined solely from the standpoint of the surviving spouse and is strictly limited to compensation for pecuniary loss. (Decedent Estate Law, § 132.) Accordingly, the amount recoverable in any particular case must be very largely influenced by the nature of the relationship between the beneficiary and the deceased. When the deceased is one who was under no legal obligation to provide support for the beneficiary during life, his or her disposition voluntarily to do so is of essential importance to the jury in determining pecuniary loss. Evidence showing such a disposition or the lack of it should not be excluded.

Question remains as to the character of the proof offered, which was a declaration in writing of the decedent made within four months of her death. Such declarations are evidence of the decedent's state of mind and are probative of a disposition on the part of the declarant which has a very vital bearing upon the reasonable expectancy, or lack of it, of future assistance or support if life continues. This expectancy, disappointed by death, is the basis of recovery (*Michigan Central R. R. Co.* v.

*Vreeland,* 227 U. S. 59, 70) and is the measure of pecuniary loss for which the jury must award fair and just compensation. No testimonial effect need be given to the declaration, but the fact that such a declaration was made by the decedent, whether true or false, is compelling evidence of her feelings toward, and relations to, her husband. As such it is not excluded under the hearsay rule but is admissible as a verbal act.

Objections have been made, and are made here, that the admission of such evidence violates the statutory rule of damages which excludes those losses which result from the deprivation of the society and companionship of the decedent by emphasizing the nature of the marital relationship in the particular case. But such declarations may not be received for that purpose but only as bearing upon the reasonable expectancy of pecuniary advantage disappointed by death, or the lack of such expectancy. Under a proper charge from the court there should be no confusion as to the effect to be given to the evidence or the nature of the injuries to be compensated.

The question arose in *Quinn* v. *Power* (29 Hun, 183, Genl. Term, 3d Dept. 1883) where letters written by the decedent to his father, which tended to show the son's affection for his father and relatives and his good intentions in their behalf, were held inadmissible. This case was overruled, although not expressly, in *Anderson* v. *Pierson* (240 App. Div. 746, 3d Dept.) as appears from the record and from the fact that the dissent in the *Anderson* case was based upon the ruling in the *Quinn* case.

In *Peterson* v. *Pete-Erickson Co.* (186 Minn. 583) an action was brought by a husband to recover damages for the wrongful death of his wife. A friend of the deceased wife was called as a witness and gave testimony, over objection and exception, to a conversation wherein the wife referred complainingly to her husband's drinking, indicating that she was considering a possible divorce. It was held that declarations of the deceased wife to third parties tending to show the character of the relation between husband and wife were competent, were not objectionable as hearsay, and were admissible as part of the *res gestae.* This decision in Minnesota in effect, though not expressly, overruled the prior decision in *Boos* v. *Minneapolis, St. Paul & Sault Ste. Marie Ry. Co.* (127 Minn. 381). Similar

declarations of the deceased wife were held admissible in *Welling* v. *Cincinnati Traction Co.* (12 Ohio App. 136).

*Belzoni Hardwood Lumber Co.* v. *Langford* (127 Miss. 234) is cited *contra,* but there the statute allowed recovery only of damages to the decedent, and the relations between the decedent and his wife were consequently entirely irrelevant. (Compare *Central of Georgia Ry. Co.* v. *Bond,* 111 Ga. 13, and the rule of damages in Connecticut, *Farley* v. *N. Y., N. H. & H. R. R. Co.,* 87 Conn. 328, 337.)

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LOUGHRAN, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., RIPPEY and DESMOND, JJ., dissent.

Judgments reversed, etc.