### NAYLOR v. ISTHMIAN S. S. CO.
No. 179, Docket 21866.

United States Court of Appeals
Second Circuit.

Argued Feb. 15, 1951.

Decided March 7, 1951.

2539

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This action was brought pursuant to the Jones Act, 46 U.S.C.A. § 688, by the administratrix and widow of James E. Naylor, for damages arising from the injury and death of Naylor while serving as a seaman aboard the defendant's ship S. S. Allegheny Victory. A jury trial was had in the District Court for the Southern District of New York which resulted in verdicts for the plaintiff totalling $115,000—$75,000 for the pecuniary loss sustained by Naylor's widow and children as a result of his death, and $40,000 for Naylor's pain and suffering prior to his death. Upon judgment on the verdicts against the defendant, the latter moved to set aside the verdicts and for a new trial. Because of denial of this motion and of alleged errors in the rulings of the trial judge in the admissibility of certain evidence, the defendant has appealed.

Certain facts are not disputed. The Allegheny Victory was about off Cape Hatteras on October 19, 1949, en route from the Canal Zone to Philadelphia, when warnings of a storm in the vessel's path were received. The chief mate decided to secure the cargo booms and certain loose gear forward which had not been removed when the vessel left the Canal Zone on October 14. After Naylor, the mate, and others had completed this task, the mate decided to inspect the chain locker to see if it was making water. Naylor and another seaman stood by on deck until the inspection was completed in order to assist the mate in dogging down the hatch which gave access to the forepeak. While engaged in securing this hatch the ship took a heavy sea which washed Naylor against the anchor windlass and caused the injuries from which he died some eleven hours later. There was a dispute as to the state of the weather on the morning in question and as to whether it was negligent to order men forward under existing conditions so as to secure the booms.

Benjamin B. Sterling, New York City, for plaintiff-respondent; Benjamin B. Sterling, Marvin Schwartz, and Betty H. Olchin, of New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant-appellant; Vernon Sims Jones and Raymond Parmer, New York City, of counsel.

Defendant's assignments of error are as follows:

(1) *The court should have ruled as a matter of law that the delay in securing the cargo booms until the date of the accident (which delay the jury on the charge might have held to be negligent) could not have been a proximate cause of the injuries and death of Naylor.*

■ While we cannot hold as a matter of law that the failure to secure the vessel until some time after leaving port may not have been negligent, cf. Menefee v. W. R. Chamberlain Co., 9 Cir., 176 F.2d 828, any such negligence, if it existed, had no causal relation to the accident. Decisions dealing with proximate cause and relied on by the defendant have no bearing on whether the delay in securing the booms could have been the proximate cause of Naylor's death. Each case must stand on its own particular facts. Wendell v. Chicago, R. I. & P. R. Co., 7 Cir., 184 F.2d 868. The booms and other loose gear were safely stowed before the accident to Naylor occurred and he suffered his injuries only after he had been ordered to stand by while the chief mate inspected the chain locker to find out whether it was leaking. According to the undisputed evidence it was not leaking. The trial judge ruled that if the booms had been secured earlier Naylor might not have been out on the deck. To say that inspection of the chain locker would not have been ordered before proceeding further on the voyage, irrespective of the prior stowage of the booms or of any prior inspection at the Canal Zone if it was made, or that the same men who stayed on deck to open and close the hatch for the mate would not have been ordered to perform the service at that particular time, is the merest speculation. The questions whether the vessel should have been slowed down because of weather conditions, and whether, under those conditions, the seamen ought to have been ordered on deck, might properly have been left to the jury, but delay in securing the booms had no causal relation to the accident and the evidence showing delay should have been stricken when the defendant moved to expunge it. Nevertheless the court allowed the jury to receive evidence of delay in stowing the booms until October 19, 1949, as a proximate cause of the accident irrespective of any other act of negligence. Appendix to Appellant's Brief p. 181. That ruling was clearly prejudicial.

The real issues were whether it was negligence on the part of the mate to order the inspection in view of weather conditions, or to order it without slowing down the vessel.

(2) *The court should not have excluded the vessel's smooth deck log.*

■■ The deck log and engineer's log were admitted for the purpose of showing the weather conditions existing at the time. They were in conflict on this point. The smooth deck log offered for the same purpose was excluded as a self serving declaration. The smooth log was admissible both under the Business Entry Statute, 28 U.S.C.A. § 1732, and under general admiralty practice which is applicable to the admissibility of evidence in actions under the Jones Act. Lopoczyk v. Chester A. Poling, Inc., 2 Cir., 152 F.2d 457. When coupled with the admission of the engineer's log, this error was prejudicial.

(3) *The court should not have admitted statements by the chief mate that the accident was his fault.*

■ The admission of such statements was error. Statements of the mate cannot bind the vessel's owner. While the master may make statements binding on the vessel or its owner, the mate may not. See The Potomac, 8 Wall. 590, 19 L.Ed. 511. In view of the other errors committed at the trial, and the exceptionally large verdict, we cannot say that this error did not unduly prejudice the defendant and does not call for a reversal.

(4) *The court should not have admitted testimony that the captain, on hearing of the accident, had said: "There goes my license."*

■ We hold that the statements of the master were properly admitted. The Potomac, supra; Lopoczyk v. Chester A. Poling, Inc., supra.

(5) *The court should have admitted evidence which tended to show strained relations between Naylor and his wife.*

While such evidence was not competent to show that Naylor would have divorced his wife had he lived, it was admissible as tending to show that he would not have contributed more to her support than the legal minimum and, therefore, relevant as to the amount of her pecuniary loss. McGlothan v. Pennsylvania R. Co., 3 Cir., 170 F.2d 121; Loetsch v. New York City Omnibus Corp., 291 N.Y. 308, 52 N.E.2d 448. In the absence of the testimony sought to be offered we cannot say that its exclusion was not prejudicial. It had a direct bearing on any amount which the decedent might have been disposed to allow his wife or children in excess of what he might have been required to contribute as a matter of law.

(6) The defendant also excepted to certain parts of the charge which it claims stated in substance that recovery could be had under the Jones Act irrespective of any proof of the defendant's negligence. But on viewing the charge as a whole, we feel no doubt that the defendant's duty toward its employees was set forth with sufficient clarity so that there was no prejudice to the defendant's rights. Casey v. Seas Shipping Co., Inc., 2 Cir., 178 F.2d 360.

For the foregoing reasons the judgment of the court below must be reversed and a new trial granted. In view of our conclusion that any delay in securing the booms had no causal relation to the accident it is not necessary to consider certain exceptions taken by the defendant in the course of that testimony. It is also unnecessary to consider at length defendant's appeal from the denial of the motion to set aside the verdict and grant a new trial on the ground of excessive damages. Suffice it to say that at most an appellate court will review the ruling of the trial court on such a motion only in the most extreme circumstances. Miller v. Maryland Casualty Co., 2 Cir., 40 F.2d 463; Powers v. Wilson, 2 Cir., 110 F.2d 960. No such circumstances appeared here. Whether the judgment should be reduced on the plaintiff's consent or the action remitted to the District Court for a new trial was only a question for the trial judge.

Reversed and remanded.