OPINION OF THE COURT
Gerard M. Weisberg, J.
In this action for wrongful death, claimant Saveria Pellegrino has established that the decedent, her husband, Anthony G. Pellegrino, earned substantially more than was reported on their joint income tax returns. At issue is whether this concealed income should be considered in determining pecuniary damages.
The relevant standard for the award of damages in a wrongful death action is the pecuniary loss to a decedent’s distributees. (EPTL 5-4.3, 5-4.4.) This has been defined as the reasonable expectation, or lack of it, of future assistance or support to the survivors if decedent’s life had continued. (Loetsch v New York City Omnibus Corp., 291 NY 308.) This includes the amount the deceased might reasonably have been expected to spend for the support and maintenance of his distributees. (Matter of Meekin v Brooklyn Hgts. R.R. Co., 164 NY 145.)
*758 The proof in this case amply demonstrated that Mr. Pellegrino was a devoted and responsible husband and a doting father to his three children. Although it is evident that he failed to report his total income to the appropriate authorities, it is also clear that the primary beneficiaries of his earning power were the members of his immediate family. Thus, a consideration of only decedent’s income tax returns, which do not reflect the actual contribution he made to his family, would not result in an award which reflects the actual loss suffered by Mr. Pellegrino’s family as a result of his death.
In arriving at a dollar equivalent for the pecuniary loss here, claimant’s economist considered decedent’s total contribution to his family’s support and its absence in the future. This was proper. (See, Parilis v Feinstein, 49 NY2d 984; Fell v Presbyterian Hosp., 98 AD2d 624.) The fact that Mr. Pellegrino did not report all of his earnings is not controlling. (Spadaccini v Dolan, 63 AD2d 110, 124.) It has no direct bearing on the actual pecuniary loss suffered by his distributees. In determining the amount of the award, we will, therefore, consider Mr. Pellegrino’s total contribution to his family and not just the amount reflected on his tax returns.
A further issue that must now be considered is whether any award must be discounted for income taxes that would have been due on decedent’s future earnings. Although there does not appear to be any appellate authority directly on point, at least one case suggests that potential income tax liability may be taken into account in the determination of an award. (Zaninovich v American Airlines, 26 AD2d 155,162; see also, Gilliard v New York City Health & Hosps. Corp., 77 AD2d 532, 533.) Here decedent was earning, in the opinion of claimant’s economist, at least $31,000 a year, and was providing substantial additional amounts from his business to meet his family’s personal expenses. These sums were subject to income tax and failure to consider that liability in our calculation of an award would provide a windfall for his beneficiaries. (See, Zaninovich v American Airlines, 26 AD2d 155, 162, supra; 37 NY Jur 2d, Death, § 330.)
A possible holding to the contrary may be found in Coleman v New York City Tr. Auth. (37 NY2d 137). Upon examination, however, it will be observed that this case is not applicable to the issue at hand. In Coleman, it was held that, in a personal injury action, it was not error for the Trial Judge to fail to instruct the jury that their award would be free of income tax after he had told them that taxability should play no part in *759 their deliberations. (Coleman v New York City Tr. Auth., 37 NY2d 137,145, supra.) The discounting, for potential tax liability, of a pecuniary award in a wrongful death action was not considered.
Accordingly, the total amount of decedent’s earned contributions to his family’s maintenance and support will be considered in determining the award in this case. The total, however, will be reduced by an amount reflecting the tax liability on it. (See, Morris v State of New York, Ct of Cl, Sept. 14,1984, Hanifin, J.; Miranda v State of New York, Ct of Cl, July 27,1982, Lengyel, J.; see also, Norfolk & W. Ry. Co. v Liepelt, 444 US 490,493-494.)
Of necessity, the reduction must be an approximation since future actualities cannot at this time be known. We have taken into consideration such factors as tax rates, the time, likelihood of and manner in which the situation would come to the attention of the authorities, plus exposure to interest and penalties. For all of these there can be no precise mathematical formula. (Horton v State of New York, 50 Misc 2d 1017.) This result recognizes that generally an award in a tort case, especially one for wrongful death, is a complex factual determination which must consider many elements. (See, Tenczar v Milligan, 47 AD2d 773.) Considering the totality of the circumstances, including parental guidance (see, Gonzalez v New York City Health & Hosps. Corp., 98 AD2d 685), we conclude that the pecuniary damages suffered by claimant as a result of decedent’s death are $900,000. This amount must be reduced by 50% to reflect Mr. Pellegrino’s culpable conduct in causing his death. Claimant is, therefore, awarded $450,000 with appropriate interest (see, EPTL 5-4.3) in accordance with the decision rendered herewith.