OPINION OF THE COURT
Eugene P. Bambrick, J.
Plaintiff’s motion is for an order striking the affirmative defense in paragraph 8 of the answer. Defendants’ cross motion is for an order (a) limiting the recovery of plaintiff, if any, pursuant to paragraph 13 of the complaint to the value of Sandra Amble’s services as a housewife in the household she maintained with her husband, plaintiff John Amble; (b) precluding the plaintiff from giving evidence at the trial of the items contained in defendants’ demand for a bill of particulars; or (c) granting such other further or different relief as to the court seems just and proper under the circumstances.
Defendants’ request for an order of preclusion, item (b), is moot, since plaintiff has now served a bill of particulars.
In the underlying action, plaintiff sets forth two causes of action against defendants, based upon a fire that allegedly occurred in the defendants’ premises. The first cause of action is for injuries and conscious pain allegedly sustained by Sandra Amble because of the fire. The second cause of action is for the wrongful death of Sandra Amble allegedly as a result of the fire.
In the cause of action for wrongful death, plaintiff sets forth at paragraph 13: “By reason of the foregoing, Plaintiff John Amble, and the heirs and distributees whom he represents, were caused to sustain loss of society, services and companionship; loss of income and inheritance; and were caused to incur medical and funeral expenses.”
It is to this paragraph of the complaint that defendants take exception. As noted hereinbefore in their cross motion defen *991 dants request an order limiting the recovery of plaintiff to the value of Sandra Amble’s services as a housewife in the household she maintained with her husband, plaintiff John Amble. In their papers defendants also assert that plaintiff’s claim for “loss of society, services and companionship” of plaintiff’s decedent is not cognizable under EPTL 5-4.3, and should be stricken.
Defendants in their answer set forth at paragraph 8: “In so far as the complaint purports to or can be interpreted as setting forth a cause of action for the loss of. services of plaintiff’s decedent, such is not a cause of action cognizable at law.”
It is to this paragraph of the answer that plaintiff takes exception. Plaintiff asserts that “loss of services” is recoverable in an action for wrongful death.
EPTL 5-4.3 defines what damages are recoverable in a wrongful death action as follows:
“(a) The damages awarded to the plaintiff may be such sum as the jury or where issues of fact are tried without a jury, the court or referee deems to be fair and just compensation for the pecuniary injuriés resulting from the decedent’s death to the persons for whose benefit the action is brought. In every such action, in addition to any other lawful element of recoverable damages, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death and the reasonable funeral expenses of the decedent paid by the distributees, or for the payment of which any distributee is responsible, shall also be proper elements of damage. Interest upon the principal sum recovered by the plaintiff from the date of the decedent’s death shall be added to and be part of the total sum awarded.
“(b) Where the death of the decedent occurs on or after September first, nineteen hundred eighty-two, in addition to damages and expenses recoverable under paragraph (a) above, punitive damages may be awarded if such damages would have been recoverable had the decedent survived.” (Emphasis added.)
In Liff v Schildkrout (49 NY2d 622, 633) , the Court of Appeals held that the qualifying phrase “pecuniary injuries” in the above-quoted section of the Estates, Powers and Trusts Law excludes recovery “for grief, and loss of society, affection and conjugal fellowship — all elements of the generic phrase ‘loss of consortium’.” And in Gilbert v Stanton Brewery (295 NY 270), the Court of Appeals held that “pecuniary injuries” exclude loss of companionship.
The Court of Appeals has held in an action for wrongful death that “loss of services” is recoverable (DeLong v County of Erie, *992 60 NY2d 296), and that “loss of income” and “loss of inheritance” are recoverable (Keenan v Brooklyn City R. R. Co., 145 NY 348). The quoted section of the Estates, Powers and Trusts Law explicitly states that medical and funeral expenses are recoverable.
Because “loss of services” is recoverable (De Long v County of Erie, supra), plaintiff’s motion to strike defendants’ affirmative defense, set forth at paragraph 8 of the answer, is granted.
Defendants’ cross motion for an order limiting plaintiff’s recovery pursuant to paragraph 13 of the complaint to the value of decedent’s services as a housewife must be denied. Recovery for loss of services is not limited to the decedent’s services as a housewife. (De Long v County of Erie, 60 NY2d 296, supra.) In addition, “loss of income” and “loss of inheritance” are recoverable in a wrongful death action. (Keenan v Brooklyn City R.R. Co., 145 NY 348, supra.)
Defendants also assert that plaintiff’s claim in paragraph 13 of the complaint for the “loss of society, services and companionship” of plaintiff’s decedent is not cognizable under EPTL 5-4.3 and should be stricken. As we have seen “loss of services” is recoverable in an action for wrongful death. (De Long v County of Erie, supra.) Hence that item may not be stricken. However, “loss of society” and “loss of companionship” are not included in “pecuniary injuries”. (Liff v Schildkrout, 49 NY2d 622, supra; Gilbert v Stanton Brewery, 295 NY 270, supra.) Accordingly, the court grants defendants’ motion to the extent of striking these two items from paragraph 13 of the complaint.