SAVERIA PELLEGRINO, as Administratrix of the Estate of ANTHONY G. PELLEGRINO, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant.—In a claim to recover damages for wrongful death, the claimant appeals, as limited

by her brief, from so much of a judgment of the Court of Claims (Weisberg, J.), dated June 21, 1985, as held that the decedent was 50% at fault, and the defendant cross-appeals from so much of the same judgment as held that it was 50% at fault and assessed the claimant's total damages at $900,000.

Judgment affirmed, without costs or disbursements.

On September 14, 1982, at approximately 11:00 P.M., the decedent died in a one-car accident on the Northern State Parkway when his car left the roadway, crossed a mountable curb near the roadway median and entered the parkway's median strip where the vehicle's left wheels entered a ditch excavated there for the construction of a new concrete median divider. The decedent's car proceeded for 78 feet along the ditch with its left wheels in it and its right on the roadway. There is evidence that the steering mechanism snapped as the vehicle went off the sharp edge of the roadway and into the ditch. The car struck a mound of dirt in the ditch and was propelled back onto and across the roadway; upon encountering the guardrail at the right of the road, it veered back across, rolled over and landed on the median right side up.

The testimony of the consulting engineer retained by the claimant was credible and supported the conclusion that the State contributed to causing the decedent's accident by failing to take proper precautions to protect motorists from running into the ditch in the highway's center median (see, Bottalico v State of New York, 59 NY2d 302, 304-305; Matter of Fasano v State of New York, 113 AD2d 885, 888). At the time and place of this occurrence, the highway curved to the right, the overhead lights were out, and the nonmountable curb had been removed. The mere placement of reflecting delineators along the construction site was properly found to be insufficient to ensure that cars would not accidentally drive into the ditch. Significantly, the State's engineer in charge of safety on the job testified that a lot of cars had previously driven into the ditch, as follows:

"Q. So, in your view, as the engineer in charge of safety and protection of the traveling public, that the mountable curb, the little, what, four or five inch curb, beveled curb, was adequate for the safety of the traveling public?

"A. That, combined with the median barrier, yes.

"Q. All right. How about past the median barrier, where all you had was a mountable curb and a ditch, a 17 18-inch ditch, was that adequate for the safety of the traveling public?

"A. A lot of cars went in there, no one got injured.

"Q. A lot of cars went in there?

"A. Yes.

"Q. And no one got injured?

"A. By the way some of them went in there—

"Q. Excuse me. Did it occur to you that, if a lot of cars went in there, some day someone was going to get very injured?

"A. No.

"Q. And you were the gentleman on that job for the safety of the traveling public?

"A. Yes."

With regard to the issue of the decedent's comparative negligence, there was testimony by a toxicologist that the decedent had an alcohol level of .08% in his brain which was a competent producing cause of an increase in the decedent's reaction time and impairment of judgment and adversely affected his vision. This evidence supported the court's finding that the accident was partially caused by the decedent's own negligence. Moreover, it was not improper for the court to conclude from the decedent's son's testimony that the decedent knew of the ongoing construction and was negligent in failing to adjust his driving to protect against such an accident.

Under these circumstances, the court's apportionment of liability was appropriate and should not be disturbed. Finally, the court's determination as to damages was supported by the evidence and is not excessive. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur. [See, 128 Misc 2d 757.]