ARTHUR M. FARRAR, as Administrator of the Estate of GLADYS L. FARRAR, Deceased, Respondent, v BROOKLYN UNION GAS Co., Appellant. (And Another Title.)

Second Department, December 31, 1987

## APPEARANCES OF COUNSEL

*Cullen & Dykman (Timothy J. Flanagan* of counsel), for appellant.

*John J. Brennan* for respondent.

## OPINION OF THE COURT

EIBER, J.

The sole issue presented on appeal is whether the loss of a prospective Federal estate tax credit as a consequence of the decedent's premature death constitutes an element of "pecuniary loss" which may be recoverable as damages in an action for wrongful death. We answer this question in the affirmative.

The facts, insofar as they pertain to this appeal, are substantially undisputed. On January 21, 1982, the decedent, Gladys Lowe Farrar, died of asphyxia by smoke inhalation during a fire in the cellar of her Staten Island home. The fire allegedly resulted when natural gas, supplied by the defendant, Brooklyn Union Gas Company, ignited. The "flaming gas" was then propelled into the cellar of the decedent's home. The decedent was 72 years of age at the time of her death and had an alleged life expectancy of 12.9 years. She died intestate and was survived by two brothers and two sisters.

On or about January 14, 1984, Arthur M. Farrar, the administrator of the decedent's estate, commenced the instant action to recover damages for wrongful death. The complaint alleged that the Brooklyn Union Gas Company was negligent, *inter alia,* in failing to inspect its equipment and gas distribution system; in failing to ensure that the distribution system and component parts were "free from any leaks and hazards or fumes" and in installing a system which enabled the natural gas to flow under excess pressure into the cellar of the decedent's premises. The complaint further alleged that the Brooklyn Union Gas Company should be held accountable under theories of strict liability and breach of warranty.

The decedent, who was retired at the time of her death, subsisted on Social Security benefits as well as the income generated from two pensions. The complaint specified only two items of pecuniary loss for which recovery was sought, to wit, the sum of $3,133.51, which represented the funeral expenses and the sum of $125,562.15 which had been paid to the Internal Revenue Service for the Federal estate taxes.

The essential thrust of plaintiff's claim is that the payment of the sum of $125,562.15 in satisfaction of the estate tax liability would not have been required had the decedent survived for the period of time commensurate with her natural life expectancy so as to have enabled her estate to take full advantage of the unified credit against estate tax contained in 26 USC § 2010 (a).

26 USC § 2010 (a), enacted as part of the Economic Recovery Tax Act of 1981, allows for a unified credit against the estate tax liability imposed by the Federal Government. The statute provides that a credit of up to $192,800 "shall be allowed to the estate of every decedent". Subdivision (b) of 26 USC § 2010, however, allows for a "[p]hase-in of credit" in accordance with the following schedule:

| "In the case of decedents dying in: | Subsection (a) shall be applied by substituting for '$192,800' the following amount: |
|---|---|
| "1982 | $ 62,800 |
| "1983 | 79,300 |
| "1984 | 96,300 |
| "1985 | 121,800 |
| "1986 | 155,800". |

Pursuant to the terms of 26 USC § 2010 (b), the beneficiaries of decedent's estate were permitted a unified tax credit of $62,800, since Ms. Farrar died in 1982. Indeed, according to the Supreme Court, the Federal tax liability of the Farrar estate was computed as follows:

| | |
|---|---|
| Total Gross Estate | $728,038.86 |
| Allowable Deductions | −99,062.64 |
| Taxable Estate | 628,976.22 |
| Gross Estimate Tax | 203,521.20 |
| Allowable Unified Credit | −62,800.00 |
| Adjusted Estate Tax | 140,721.20 |
| Credit for State Death Taxes | −15,159.05 |
| Tax Due | $125,562.15. |

However, had Ms. Farrar survived until 1987, her estate would have been entitled to the full amount of the unified tax credit provided in 26 USC § 2010 (a) (i.e., $192,800). Other factors remaining equal, the application of this larger credit

would have absolved the estate of any liability for Federal estate taxes.[1]

Based upon the foregoing, the plaintiff theorized that the estate, as a direct result of the defendant's wrongful acts, was unnecessarily exposed to a tax liability in the amount of $125,562.15, which resulted in a parallel reduction in the amount of money which the beneficiaries might reasonably have expected to receive upon the distribution of the assets of the estate. Accordingly, the plaintiff asserted that since the decedent was made to suffer an untimely and premature death, the increased tax which the estate was obligated to pay and for which it would not otherwise have been liable, should be deemed a proper element of damages recoverable in a wrongful death action commenced pursuant to EPTL 5-4.1.

In response to this contention, the Brooklyn Union Gas Company maintained that tax liabilities do not constitute a "pecuniary loss" within the meaning of EPTL 5-4.3 and that the loss of the estate tax credit was "too remote, speculative and conjectural a claim to support a cause of action for wrongful death".

The Supreme Court, upon the defendant's motion for summary judgment dismissing the complaint, essentially agreed with the plaintiff and concluded: "While it is true that tax liabilities are not specifically included in [EPTL 5-4.3] neither are they excluded. In fact, the statute mentions only 'pecuniary injuries resulting from the decedent's death' as a proper measure of recovery. When measuring this loss, the extent of damages 'depends upon the value of the reasonable expectation of pecuniary benefits from the continuance in life by the decedent' to the next of kin. *(Matter of Meekin v Brooklyn Hgts. R. R. Co.,* 164 NY 145, 149; 21 Carmody-Wait 2d, NY Prac, Action for Wrongful Death § 130:84.)" *(Farrar v Brooklyn Union Gas Co.,* 131 Misc 2d 936, 937.)

After discussing the factors which the trier of fact may properly consider in ascertaining the amount of damages

---

1. Based upon the figures set forth above, in 1987 the estate tax liability of the Farrar estate would be computed in the following manner:

| | |
|---|---|
| Total Gross Estate | $728,038.86 |
| Allowable Deductions | −99,062.64 |
| Taxable Estate | 628,976.22 |
| Gross Estate Tax | 203,521.20 |
| Allowable Unified Credit | −192,800.00 |
| Adjusted Estate Tax | 10,721.20 |
| Credit for State Death Taxes | −15,159.05 |
| Tax Due | -0- |

which should be awarded, the court declared that the plaintiff should be entitled to recover "an amount equal to the inheritance taxes which effectuated a reduction in the decedent's estate (and a concomitant reduction in the amount distributable to decedent's kin)" *(Farrar v Brooklyn Union Gas Co., supra,* at 940). In so ruling, the court added: "If the United States Government was willing to confer greater tax benefits on the estates of persons dying in 1987 rather than in 1982, there is no reason why the victims of defendant's tortious conduct should have to suffer the pecuniary losses of additional tax due as a direct result of the decedent's premature death" *(Farrar v Brooklyn Union Gas Co., supra,* at 941).

We find the rationale employed by the Supreme Court to be persuasive and we, accordingly, affirm.

EPTL 5-4.3 fixes the standard by which damages in a wrongful death action are to be measured. According to that statute, the personal representative of a decedent is entitled to recover, on behalf of the persons for whose benefit the action is brought, an amount which the trier of fact "deems to be fair and just compensation for the pecuniary injuries resulting from the decedent's death" *(see,* EPTL 5-4.3 [a]). While there is no precise formula which may be applied in determining an appropriate award of damages for wrongful death, it has been noted that the concept of pecuniary loss "extends to all injuries which are capable of being measured in monetary terms" *(see,* 9A Rohan, NY Civ Prac ¶ 5-4.3 [2], at 5-434) and that the amount of damages depends upon "the value of the reasonable expectation of pecuniary benefits from the continuance in life by the decedent to the * * * next of kin" *(see, Horton v State of New York,* 50 Misc 2d 1017, 1021; *see also, Loetsch v New York City Omnibus Corp,* 291 NY 308). Put somewhat differently, the statute "looks to prospective advantages of a pecuniary nature, which have been cut off by the premature death of the person from whom they would have proceeded" *(see, Tilley v Hudson Riv. R. R. Co.,* 24 NY 471, 475).

The elements of damage for which recovery may be had in a wrongful death action include, *inter alia,* the loss of support, services, and voluntary assistance as well as other forms of financial benefits which would have been bestowed upon the distributees had death not intervened *(see, Parilis v Feinstein,* 49 NY2d 984; *Odom v Byrne,* 104 AD2d 863; *Fell v Presbyterian Hosp.,* 98 AD2d 624; *Amble v Tewari,* 128 Misc 2d 990; *Pellegrino v State of New York,* 128 Misc 2d 757, *affd* 121

AD2d 612). Another critical element in determining the extent to which a party has been pecuniarily injured is loss of the prospect of inheritance. Underlying the award of damages for this deprivation is the notion that had the decedent lived, the value of his estate would have been enlarged, thereby increasing the monetary amount to be inherited from him upon his death (see, 9A Rohan, NY Civ Prac, ¶ 5-4.3 [2], at 5-444).

The ingredient common to all of the aspects of damage delineated herein is that by the wrongful acts of the defendant, the distributees of the estate have essentially been deprived of pecuniary advantages which they reasonably expected to receive. This expectancy, disappointed by death, is the basis of recovery (see, Loetsch v New York City Omnibus Corp., 291 NY 308, 310-311, supra, citing Michigan Cent. R. R. v Vreeland, 227 US 59, 70).

Measured by these standards, we conclude that the Supreme Court was correct in holding that the distributees of the Farrar estate did suffer pecuniary damage, in the form of increased tax liability, as a direct result of the decedent's premature death. Accepting the truth of the allegations of the complaint, as we must in view of the procedural posture of this case, it is clear that by the alleged wrongful acts of the defendant, the distributees have been deprived of the full benefit of the unified tax credit afforded under 26 USC § 2010 (a), which, but for the untimely death of their decedent, could have been realized. Thus, plaintiff's claim, in our view, falls within the rule of damages that the distributees should be entitled to receive that which they have been deprived of by virtue of the wrongful acts of the defendant. Since the decedent's estate was diminished to the extent of $125,562.15, an amount for which the estate would not have been liable had the decedent's life been prolonged in accordance with her natural life expectancy, the plaintiff's claim to recover this sum should be submitted to the trier or triers of fact.

Support for this conclusion may be found in the case of Davies v Whiteways Cyder Co. ([1975] 1 QB 262, [1974] 3 All ER 168), which was decided by an English court, and which was relied upon by the Supreme Court in the order appealed from. The court, in Davies, was called upon to consider whether the loss of the benefit afforded by section 2 of Eng-

land's Fatal Accidents Acts,[2] a benefit which would have accrued to the dependents of the decedent had he survived for the seven-year period specified in the statute, was properly recoverable as an element of damages. As in the instant case, the plaintiff in *Davies (supra,* at 265) vigorously maintained that she had been pecuniarily damaged by paying an increased estate duty, and that the loss of the statutory benefit constituted "the loss of the expectancy of a future pecuniary benefit" which should be deemed recoverable. Citing the principle that " 'the pecuniary loss recoverable is limited to the loss of a benefit in money or money's worth which, if the deceased had survived, would have accrued to a person within the defined relationship to the deceased' " *(Davies v Whiteways Cyder Co., supra,* at 268, citing *Malyon v Plummer,* [1964] 1 QB 330, 348-349, [1963] 2 All ER 344, 353), the court concluded that the plaintiff had, in fact, sustained an injury of a pecuniary nature. Thus, the court held that the amount paid in satisfaction of the estate duty, was recoverable from the defendant.

We believe a similar result is warranted at bar, and accordingly, hold that the distributees of the decedent's estate are entitled to recover such a sum as will compensate them for the financial loss which they have suffered as a result of their decedent's untimely death. This sum may include the amount of Federal estate tax which the estate was compelled to pay, a sum which the distributees might otherwise have inherited. Contrary to the defendant's contention, the claim interposed by the plaintiff and the amount sought to be recovered is neither uncertain nor speculative. Rather, the damages are readily ascertainable since they are based upon the finite figures set forth in 26 USC § 2010. Moreover, although the defendant, in an effort to demonstrate that the plaintiff's claim for damages is purely conjectural, alludes, *inter alia,* to the possibility that the decedent might have exhausted all or part of the unified credit in issue had she survived, we respond by noting that the defendant may legitimately refer to all relevant circumstances in mitigation of damages and

2. The plaintiff in *Davies v Whiteways Cyder Co.* ([1975] 1 QB 262, [1974] 3 All ER 168) was required to pay increased estate duty on settlements and gifts by virtue of the decedent's premature death. Pursuant to section 2 of the Fatal Accidents Acts, the plaintiff would not have been obligated to pay any estate duty if the decedent had survived seven years from the date of the gifts and settlements. The plaintiff, therefore, sought to recover, as pecuniary damages, the loss of the benefit of receiving gifts tax free.

that these factors may properly be considered by the trier of fact in assessing the extent of the damages sustained *(see, e.g., Fell v Presbyterian Hosp.,* 98 AD2d 624, *supra).*

The defendant additionally asserts that it is entitled to summary judgment, as a matter of law, because the increased tax liability imposed upon the estate was not "causally related" to the defendant's alleged negligence but, instead, emanated from the relationship between the estate and the Internal Revenue Service. A similar argument was rejected by the court in the *Davies* case *(supra).* We, too, find the argument to be unpersuasive. It is clear that the unified tax credit under consideration was intended to benefit the distributees of the estate. This pecuniary benefit was, however, lost as a direct consequence of the defendant's allegedly wrongful acts. Thus, we conclude that there is a causal connection between the defendant's alleged conduct and the increased Federal estate tax. The pecuniary benefit which the distributees reasonably anticipated does not cease to be recoverable merely because it was provided for by the Government.

Finally, we agree with the Supreme Court that the authorities pertaining to the issue of income tax and its effect upon the amount of damages to be awarded are not dispositive of the issue raised herein. It suffices for present purposes to note that the instant matter does not involve the propriety of deducting income taxes from the projected future earnings of the decedent when loss of prospective earnings are used as a measure of damages *(see, e.g., Pellegrino v State of New York,* 128 Misc 2d 757, *supra).* Rather, we are concerned with the actual loss by the estate of a tangible pecuniary benefit.

In conclusion, since the distributees are entitled to fair and just compensation from the wrongdoer for their loss, the order appealed from is hereby affirmed.

NIEHOFF, J. P., KUNZEMAN and SPATT, JJ., concur.

Ordered that the order is affirmed, with costs.