■ BERNARD ROTHMAN, as Administrator of the Estate of ELLEN S. ROTH-MAN, Deceased, Respondent, v. ST. BARNABAS HOSPITAL FOR CHRONIC DISEASES, Appellant.— Judgment unanimously modified so as to affirm the judgment for plaintiff in the first cause of action, and to reverse and vacate the judgment for plaintiff as to the second cause of action on the ground of excessiveness, and to order a new trial as to such cause, unless plaintiff stipulates to accept $478.80, the stipulated amount of the funeral expenses, with interest thereon as provided in the statute, in which event the judgment as so modified is otherwise affirmed, without costs to either party. Damages for wrongful death are allowed as compensation for pecuniary loss suffered by persons for whose benefit the action is brought (Decedent Estate Law, § 132). The question of probable chances for pecuniary benefit from continuance of life is of primary importance, for life expectancy is an element of damages. Each case depends upon its own peculiar facts (*Liubowsky* v. *State of New York*, 260 App. Div. 416, 418, affd. 285 N. Y. 701). While damages for wrongful death are necessarily prospective and contingent there are always certain factors to be considered. These include the health, age, sex, physical and mental condition of the deceased. Considering the past history of this child, at least from the age of six and one-half years, and the precarious condition of her health, it is clear that there was a failure to establish the likelihood of her survival to maturity, much less that she would have been able to make monetary or service contributions to her parents. The evidence does not sustain an award on the second cause beyond the amount of the funeral expenses. Settle order on notice. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.