OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In this negligence action to recover damages stemming from the death of decedent, a 12-year-old boy, plaintiff was awarded $50,000 for wrongful death and $25,000 for conscious pain and suffering, the latter amount having been reduced to $15,000 upon stipulation. On this appeal, defendant maintains that, as a matter of law, the jury was required to be instructed that plaintiff was limited to recovering nominal damages on the wrongful death cause of action. The amount of the wrongful death award is not otherwise questioned by defendant.
Damages in a wrongful death action are, by statute, limited to "pecuniary injuries” suffered by the distributees of decedent’s estate (EPTL 5-4.3). Such damages are limited to loss of support, voluntary assistance and possible inheritance, as well as medical and funeral expenses incidental to death (Keenan v Brooklyn City R. R. Co., 145 NY 348, 350-351), but do not include those damages which could have been recovered in a personal injury action had the decedent survived (Liff v Schildkrout, 49 NY2d 622, 633). But in any wrongful death action, especially one involving a child of tender years, the absence of dollars and cents proof of pecuniary loss does not relegate the distributees to recovery of nominal damages only (Ihl v Forty-Second St. & Grand St. Ferry R. R. Co., 47 NY 317, 320-321; cf. Park West Mgt. Corp. v Mitchell, 47 NY2d 316, 329). Rather, since it is often impossible to furnish direct evidence of pecuniary injury, calculation of pecuniary loss is a matter resting squarely within the province of the jury. In the present case, there was proof as to the age, character and condition of the decedent and the circumstances of his distrib *986 utees. This evidence was sufficient to premise the award of pecuniary damages and the jury’s evaluation of this factual question may not be disturbed here as. a matter of law (Birkett v Knickerbocker Ice Co., 110 NY 504, 508).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.