■ JOHN L. SULLIVAN et al., Respondents, v RUTH HELD, Defendant and Third-Party Plaintiff-Appellant. NIER SHEET METAL ROOFING, Third-Party Defendant-Appellant. — In an action, *inter alia,* to recover damages for personal injuries incurred while repairing the brick facing of a building, the defendant and third-party defendant separately appeal from a judgment of

the Supreme Court, Kings County, entered June 10, 1980, which, upon a jury verdict, *inter alia,* is in favor of plaintiffs in the principal sum of $1,100,000 on the main action and $100,000 on the derivative action. Judgment affirmed, with one bill of costs payable jointly by appellants. John Sullivan, a 34-year-old laborer who had risen to the position of foreman with the company for which he had worked for 18 years (the third-party defendant), was injured when he fell to the ground in a scaffold on which he had been working, seated in a boatswain's chair, repairing the facing of a brick building ("pointing"). Plaintiffs relied on section 240 of the Labor Law, an absolute liability statute, and argued successfully before the trial court (in the bifurcated trial) that contributory negligence should be struck from the pleadings as an affirmative defense and that no testimony should be permitted on the issue of a safety belt. Plaintiffs' proof went to show that the cause of the accident was the breaking or tearing of the rope that was used to rig the scaffold because the rope was old, worn and unfit for use as a scaffold rope. The defense of the contractor (the third-party defendant) was that the rope in evidence was not the one it had furnished for the rigging. The jury's verdict was in favor of plaintiffs and damages were awarded accordingly. The Trial Judge gave judgment to the third-party plaintiff, following the waiver of a jury trial by the parties in the third-party action. The third-party defendant, Nier Sheet Metal Roofing (Nier), contends on appeal that the exclusion of evidence with respect to the safety belt and other trial court rulings deprived it of a fair trial, that the comparative negligence statute (CPLR 1411) is applicable to this action based on section 240 of the Labor Law, and that the verdict is excessive. We reject all three contentions. Section 240 of the Labor Law places absolute responsibility for safety practices on the owner and general contractor, "where it belongs" *(Rocha v State of New York,* 45 AD2d 633, 636, mot for lv to app den 36 NY2d 642). It is for that reason that a worker's contributory negligence may not be asserted as a defense in an action based upon that section *(Koenig v Patrick Constr. Corp.,* 298 NY 313). In the present case, the issue of the safety belt was, therefore, irrelevant. The issue was whether the scaffolding equipment and material supplied by the contractor failed to give proper protection. The exclusion of evidence on an irrelevant issue was not improper. Nier also contends that it was precluded from proving that the rope was in good condition and would not have torn except for the rubbing against the sharp, protruding bricks of the building. The record does not support Nier's contention that it was so precluded. In cross-examining plaintiffs' engineering expert, the court sustained objection by defendant to the *form* of a question by Nier's counsel. Counsel then abandoned the matter; he did not rephrase the question. On the cross-examination of plaintiff John Sullivan, the court stated that it was only precluding questions about Sullivan's conduct; the trial court stated that counsel was free to question Sullivan to show that the rope was not defective as the expert had testified it was. Counsel declined to pursue the matter. With respect to the application of the comparative negligence statute, we believe that "It would be anomalous to hold that a statute (CPLR 1411) designed to abolish the contributory negligence defense, where applicable can be read as creating a partial defense on the issue of damages under section 240 of the Labor Law. That statute imposes a nondelegable duty and absolute liability, as to which contributory negligence and assumption of risk have never been defenses" (see *Pereira v Herman Constr. Co.,* 74 AD2d 531, 535; accord *Evans v Nab Constr. Corp.,* 80 AD2d 841). Notwithstanding the difficulty attendant upon an evaluation of damages in a case such as this (cf. *Caprara v Chrysler*

*Corp.,* 52 NY2d 114), the jury's assessment of damages for the 34-year-old working man who was earning $18,200 in 1976 and whose injuries preclude him from returning to his occupation, is supported by the evidence and was in conformity with proper instructions. Nier errs in its insistence that income tax should have been considered by the jury (see *Coleman v New York City Tr. Auth.,* 37 NY2d 137). Titone, J.P., Lazer, Mangano and Cohalan, JJ., concur.