■ ANGELO GLIELMI et al., Respondents-Appellants, v TOYS "R" US, INC., et al., Appellants-Respondents. TOYS "R" US, INC., Third-Party Plaintiff-Appellant-Respondent, v MELITO CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant-Respondent. — Judgment of the Supreme Court, New York County (Sherman, J.), entered May 5, 1982, modified, on the law to grant judgment over to defendants Toys "R" Us, Inc. (Toys) and the Friedman group, against defendant Melito Construction Corporation for full indemnity and, except as so modified, affirmed, with one bill of costs to defendants Toys "R" Us, Inc., and the Friedman group jointly payable by Melito. Defendant Toys leased a building in the Korvette Shopping Center located in Huntington, Long Island, from the owners (collectively, the Friedman group), for a period of 20 years. To adapt the premises to its needs Toys entered into a contract with Melito for alteration of the existing store. Richard Glielmi, son of plaintiff Angelo Glielmi, was a supervisor for Melito. Angelo, who was a "semiretired" laborer, was hired by his son to perform services as a general laborer in connection with the alteration. On October 4, 1979, upon arrival at the job site, Angelo was given a "punch list" of some three or four items of work required to be performed that day. One of the scheduled items was the repair of a leaking chimney. After lunch, Angelo was ready to start on the chimney repair. He sought entry to the roof via the interior stairs of the building. However, the door to the roof was locked and he was unable to find the assistant manager of Toys who had the key. On his way to the loading area Angelo noticed an aluminum extension ladder. He asked permission from several employees of Toys who were in the vicinity to use the ladder. Permission was granted. Angelo removed the ladder, which had rubber treads on its feet, and extended it against the side of the building. He then proceeded to climb it. When he reached a point where his head was approximately 25 feet from the ground he felt it "shake" and "wobble". He tried to brace himself against the building wall and, in the process, fell off the ladder which remained standing. In his fall Angelo received serious injuries. Action was brought against Melito, his employer; Toys, the lessee of the premises; and the Friedman group, the owner of the building on the theory that they had failed to furnish him with a safe place to work. The jury found for plaintiff and apportioned liability 75% to Melito and 25% to Toys and the Friedman group, treating them as a single entity. Section 240 of the Labor Law is a statute which imposes absolute liability. Contributory negligence on the part of the worker does not constitute a defense (*Sullivan v Held,* 81 AD2d 663). It lies wholly within the jury's province to determine whether scaffolding or a ladder should have been provided to comply with the requirement for a safe place to work. Thus, recovery by plaintiff was warranted. In light of the injuries suffered, we cannot say the award was excessive. The real thrust of our inquiry is directed to the third-party action brought by Toys against Melito for indemnity and the cross claim of the Friedman group against Toys. The construction contract entered into between Toys and Melito provided, in part: "The Contractor shall indemnify and hold harmless the Owner * * * from and against all claims, damages, losses and expenses including attorney's fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnifed hereunder." Inasmuch as the jury found that the negligence

of Melito contributed, at least in part, to the injury to plaintiff, the indemnity agreement came into play and required that Melito indemnify the "Owner". Since the contract defines Toys as the "owner", Melito is contractually required to indemnify Toys. Such an agreement violates no canon of public policy (*Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153). Accordingly, the trial court should have granted Toys' judgment against Melito for the full amount of plaintiff's verdict. There remains only the cross claim of the Friedman group against Toys. Throughout the proceedings, including the trial, Toys and the Friedman group were treated as a single unit. Indeed, the jury's apportionment of liability was 75% against Melito and 25% against Toys and the Friedman group jointly. If they continue to be so treated then clearly the full amount of the judgment must be borne by Melito. If, on the other hand, Toys and the Friedman group are treated separately the Friedman group, which had no participation whatsoever in the alteration of the building and which is involved only by reason of section 240 is entitled to common-law indemnity against both Melito and Toys. In either event the end result would be payment of the full amount of the judgment by Melito. As to the claim for counsel fee by Toys, under the provisions of the indemnity clause we need do no more than note that such claim was not raised prior to this appeal. Hence it is not preserved. Concur — Ross, J. P., Carro, Silverman, Bloom and Milonas, JJ.