*666 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The factual setting out of which this appeal arises is described in the memorandum opinion at the Appellate Division (94 AD2d 663). We respond to the legal contentions advanced by appellant contractor in our court.
The jury was charged that the owner-trustees and the tenant were to be considered a single unit for purposes of determining liability to the injured plaintiff. There was evidence from which the jury could properly have found that both were absolutely liable under subdivision 1 of section 240 of the Labor Law, and that the contractor was concurrently liable in negligence. More specifically, there was testimony that the ladder from which plaintiff Angelo fell was not secured at the upper end by mechanical means — a violation of the State safety regulations promulgated under the statute inasmuch as Angelo was standing on a rung higher than 10 feet above the ladder footing when he fell (12 NYCRR 23-1.21 [b] [4] [iv]) — and that the failure to have provided scaffolds also constituted a statutory violation. The jury was further instructed, without presently pertinent objection, that both of these violations could be considered evidence of negligence on the part of the contractor. There is thus no basis to disturb the jury verdict of liability on the part of the owner-trustees, the tenant, and the contractor.
Inasmuch as the jury found that Angelo’s injuries were caused in part by the negligence of the contractor, the contractor was obligated under the indemnification provision of the contract to indemnify the tenant (designated “owner” in the construction contract). This obligation of indemnification also ran to the owner-trustees inasmuch as they and the tenant were considered to constitute a single unit by the court and the parties at the trial. Moreover, even if the owner-trustees were to be treated as a separate legal entity, they would be entitled to common-law indemnity from the tenant and the contractor (thus *667 ultimately from the contractor under the contract indemnification provision) inasmuch as their liability under subdivision 1 of section 240 was in this instance vicarious only. (Kemp v Lakelands Precast, 55 NY2d 1032; Kelly v Diesel Constr. Div., 35 NY2d 1).
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.