■ Ollis A. Wright et al., Appellants, v State of New York, Respondent. (Claim No. 66605.)

Claimants contend on appeal that the court's construction of Labor Law § 240 is in error. We agree. The fact that Labor Law § 240 (2) provides that scaffolding more than 20 feet from the ground or floor "shall have" suitable guardrails and that a failure to provide guardrails is, without more, a violation of the section, does not mean that a lack of guardrails *may not,* in appropriate circumstances, constitute a violation of Labor Law § 240 (1) for failure "to give proper protection" to persons working on scaffolding less than 20 feet from the ground or floor (*see, Heath v Soloff Constr.,* 107 AD2d 507; *Kalofonos v State of New York,* 104 AD2d 75). The evidence supports the court's finding that "considering the scaffold's height and narrow width," the failure to provide guardrails or other protective devices constituted a violation of Labor Law § 241 (6). We find that under the circumstances the lack of guardrails or other protective devices was also a failure "to give proper protection" under Labor Law § 240 (1) and that such violation was a proximate cause of the accident. When liability is predicated on a violation of Labor Law § 240 (1) (unlike liability under Labor Law § 241 [6]), comparative negligence is inapplicable (*see, Sullivan v Held,* 81 AD2d 663, 664). The award to claimant Ollis is, therefore, increased to $93,659.62, the amount before reduction for comparative fault.

We reject defendant's arguments pertaining to the award made to claimant Ollis. We find, however, that the court erred in dismissing the derivative claim of claimant Norma. The Judge before whom the case was tried has retired and we find it appropriate to make the award instead of remitting to the Court of Claims (*see,* CPLR 5501 [c]; 5522; *Guth Realty v Gingold,* 41 AD2d 479, 482, *affd* 34 NY2d 440). There was evidence that claimant Norma suffered a loss of her husband's services and that as a result she was forced to perform more of the household chores including work in the yard. Under the circumstances considering the nature and extent of Ollis' injuries, we find that she should receive an award of $10,000 (*see, Ast v State of New*

*York,* 123 Misc 2d 200, *affd* 106 AD2d 909). The judgment is modified accordingly. (Appeal from judgment of Court of Claims, Moriarty, J. — negligence.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.