Chief Judge Wachtler
(dissenting). Nothing in either the legislative history of Labor Law §240 (1)* or in our decisions construing that statute suggests that it contemplates holding contractors and owners responsible for providing safety devices where the proof establishes that no such devices were available or could be adapted to the situation in which the employee was injured. Although it is true, as the majority suggests, that the statute places responsibility for safety practices at construction sites on the owner and general contractor, it does not impose upon them insurers’ liability when they fail to do the impossible.
The majority relies primarily on the legislative intent underlying Labor Law § 240 (1) in support of its conclusion that the statute was intended to impose insurers’ liability upon those owners and contractors whose employees have been injured on the job. However, as I have noted, nothing in the available legislative history or in our prior decisions supports such a conclusion.
Read in its entirety, the memorandum of Senator Calandra and Assemblyman Amann (1969 NY Legis Ann, at 407) makes it clear that the 1969 amendments to section 240 (L 1969, ch 1108) were intended to effect an expansion only of who could be held liable under the statute, not an expansion of the bases for liability. Thus, as the majority suggests, the amendment “places ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the *527 owner and general contractor” (at 407); it does so because the statute prior to amendment allowed subcontractors to “relieve the owner or general contractor of liability for safe work practices merely by securing the basic workmen’s compensation coverage” (id.). The amendment, intended to reestablish the exposure of general contractors and owners, changed those covered by its provisions from “A person employing or directing another to perform labor of any kind” to “All contractors and owners and their agents” (L 1969, ch 1108, § 1). The amendment only changed the parties liable, the “who” not “the what” of the statute (Haimes v New York Tel. Co., 46 NY2d 132; Allen v Cloutier Constr. Corp., 44 NY2d 290, rearg denied 45 NY2d 776; Smith v Hooker Chems. & Plastics Corp., 89 AD2d 361, 364, n 3, appeal dismissed 58 NY2d 824). We recognized that there were limits to the so-called “absolute” liability imposed by section 240 in Koenig v Patrick Constr. Corp. (298 NY 313, 319), where we noted that the legislative purpose was to require “the employer to safeguard the workers from injury caused by faulty or inadequate equipmenti” (emphasis added).
Nowhere in this account is there any indication that the Legislature intended to impose upon owners and contractors the responsibility for accidents they could not have prevented. The majority points to no case which has so held. I believe the imposition of such liability, predicated upon generalized expressions of legislative intent, taken out of context, is an unwarranted usurpation of the legislative function by this court with which I cannot concur.
In addition, proximate cause is a necessary element in an action based on Labor Law § 240 (Duda v Rouse Constr. Corp., 32 NY2d 405, 410) and, when the establishment of that element has turned on whether the missing safety devices, if provided, could have prevented the plaintiff’s injury, the question has been one for the jury (Glielmi v Toys “R” Us, 94 AD2d 663, affd 62 NY2d 664).
Because I read the statutory policy underlying Labor Law § 240 as encouraging owners and contractors to provide safety devices where possible, and not to provide insurance coverage to their employees (who are already covered by workers’ compensation), I respectfully dissent, and urge the Legislature to amend the statute to make this intent more clear. The imposition of insurers’ liability on owners and contractors will not further the goal of protecting workers, because the absent devices cannot protect them. It will, however, hurt the building industry and perhaps cost those already adequately protected workers their *528 jobs. In Zimmer v Chemung County Performing Arts, therefore, the order of the Appellate Division should be affirmed, and in Hunt v Spitz Constr. Co., the judgment appealed from and order of the Appellate Division brought up for review should be reversed and the jury’s verdict reinstated.
Judges Meyer, Simons and Kaye concur with Judge Alexander; Judge Simons concurs in a separate concurring opinion; Chief Judge Wachtler dissents and votes to affirm in another opinion in which Judge Jasen concurs; Judge Titone taking no part.
In Zimmer v Chemung County Performing Arts: Order reversed, with costs, plaintiff’s motion for a directed verdict granted, and case remitted to Supreme Court, Tioga County, for a new trial on the issue of damages only.
In Hunt v Spitz Constr. Co.: Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.

 Labor Law § 240 (1) provides, in pertinent part: “1. All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”