OPINION OF THE COURT
Charles A. Kuffner, J.
In this wrongful death action, defendant/third-party plaintiff Brooklyn Union Gas Co. moves for summary judgment pursuant to CPLR 3212 in its favor dismissing the complaint of plaintiff.
The issue is whether the amount paid or payable to the Federal Government representing the estate tax of the decedent is recoverable as an item of damages in a wrongful death action. An ancillary issue is whether or not movant is entitled to the relief of dismissal as a matter of law.
In a wrongful death action, the amount of recovery for damages is measured by the fair and just compensation for the pecuniary injuries resulting from decedent’s death to the persons for whose benefit the action is brought (EPTL 5-4.3).
Any recovery here would inure to the benefit of decedent’s two brothers and two sisters (EPTL 4-1.1 [a] [7]). It is conceded that there is no claim for lost earnings of decedent. At the time of her death, on January 21, 1982, the decedent was retired, and was the recipient of Social Security benefits and two pensions. She subsisted on this and income from some investments. The only claim made by plaintiff, as an item of pecuniary loss, is the amount of estate tax paid to the Federal Government as a result of her premature death. The sum paid was $125,562.15 on or about October 9, 1982.
Movant argues that tax liabilities are not a pecuniary loss as defined in EPTL 5-4.3, and consequently no action may be maintained therefor. While it is true that tax liabilities are not specifically included in that section, neither are they excluded. In fact, the statute mentions only "pecuniary injuries resulting from the decedent’s death” as a proper measure of recovery. When measuring this loss, the extent of damages "depends upon the value of the reasonable expectation of pecuniary benefits from the continuance in life by the decedent” to the next of kin. (Matter of Meekin v Brooklyn Hgts. R. R. Co., 164 NY 145, 149; 21 Carmody-Wait 2d, NY Prac, Action for Wrongful Death § 130:84.)
In applying this standard to this situation we can determine that due to decedent’s death in 1982, the Federal tax liability of her estate was computed as follows:
*938 Total Gross Estate................ $728,038.86
Allowable Deductions ............. —99,062.64
Taxable Estate.................... 628,976.22
Gross Estimate Tax............... 203,521.20
Allowable Unified Credit.......... —62,800.00
Adjusted Estate Tax............... 140,721.20
Credit for State Death Taxes....... —15,159.05
Tax Due.......................... $125,562.15
The crux of plaintiffs argument is that had decedent lived through her natural life expectancy (which is of course a proper item for consideration; see, Sider v General Elec. Co., 238 NY 64, 69; Lyons v De Vore, 48 AD2d 943, affd 39 NY2d 971; 37 NY Jur 2d, Death, § 336), she would have been entitled to a higher unified credit which was phased in as part of the Economic Recovery Tax Act of 1981 (26 USC § 2010 [a], [b]). At the time of her death, decedent’s life expectancy was 12.9 years. Thus, there is evidence that she might have lived through 1987 at a minimum when the unified credit becomes $192,800. In 1987, her estate tax liability would be computed thusly:
Total Gross Estate................ $728,038.86
Allowable Deductions ............. —99,062.64
Taxable Estate.................... 628,976.22
Gross Estimate Tax............... 203,521.20
Allowable Unified Credit.......... — 192,800.00
Adjusted Estate Tax............... 10,721.20
Credit for State Death Taxes....... —10,159.05
Tax Due.......................... -0-
Of course, this computation is in simple terms, and does not account for any possible increases or decreases in the value of the estate during decedent’s projected lifetime, any changes in allowable deductions, any possible marriages, changes in the tax laws or wills. But these possibilities and the calculation of pecuniary loss, are for the trier of fact to determine, based on competent evidence. (See, Parilis v Feinstein, 49 NY2d 984.)
Plaintiffs theory of recovery is that but for defendant’s acts, the beneficiaries of decedent’s estate might have been reasonably expected to receive a distribution of $728,038.86 rather than $602,476.71, which directly resulted from her premature death. Loss of a possibility of inheritance is a proper element of pecuniary loss (21 Carmody-Wait 2d, NY Prac, Action for Wrongful Death § 130:85; 37 NY Jur 2d, Death, § 322; Keenan *939 v Brooklyn City R. R. Co., 145 NY 348; Pineo v New York Cent. & Hudson Riv. R. R. Co., 34 Hun 80, affd 99 NY 644; Parilis v Feinstein, supra; Amble v Tewari, 128 Misc 2d 990; Yowell v Piper Aircraft Corp., 703 SW2d 630 [Tex]).
The reported cases on the issue of the effect of taxation are not helpful to the court in determining the matter at bar. All of the cases to be found address the issue of the propriety of deducting income taxes from the prospective future earnings of the decedent, when lost prospective earnings are used as a measure of damages. (See, e.g., Zaninovich v American Airlines, 26 AD2d 155.) On this issue, the courts appear divided. In some instances, the courts have ruled either that prospective income taxes on earnings should not be deducted from any damage award (Vasina v Grumman Corp., 644 F2d 112, 118; Cunningham v Rederiet Vindeggen A/S, 333 F2d 308; Montellier v United States, 315 F2d 180) or that the jury should not be charged that any award to plaintiff would be free of income taxes (Coleman v New York City Tr. Auth., 37 NY2d 137; Sullivan v Held, 81 AD2d 663 [2d Dept]; Vasina v Grumman Corp., supra). In other instances, the courts have held that prospective income tax liability on future earnings may be considered and deducted from awards in wrongful death cases. (Pellegrino v State of New York, 128 Misc 2d 757; Morgan Guar. Trust Co. v TexasGulf Aviation, 604 F Supp 699; LeRoy v Sabena Belgian World Airways, 344 F2d 266, cert denied 382 US 878; Gilliard v New York City Health & Hosps. Corp., 77 AD2d 532.)
None of these cases address the propriety of considering the impact of inheritance taxes upon the loss of inheritance to the persons for whose benefit the action is brought. All of them concerned the issue of the impact of income taxes on damages awards as measured by the loss of potential earnings, either in personal injury actions or wrongful death actions. To this extent the issue appears to be one of first impression. But first impression does not necessarily make the determination of the issue difficult. In both loss-of-prospective-earnings and loss-of-inheritance, as distinct elements of damage, the trier of fact seeks to ascertain an amount which compensate certain heirs and next-of-kin for their pecuniary losses resulting from decedent’s premature death. Several factors may be considered by the trier of fact in computing this amount, such as age and health (Rothman v St. Barnabas Hosp., 20 AD2d 531), habits, possible charitable contributions, expenditures for decedent’s own support (Zaninovich v American Airlines, supra), earning *940 potential (Wolf v State of New York, 122 Misc 381, affd 210 App Div 827), life expectancy (Lyons v De Vore, supra), and past support (Spreen v Erie R. R. Co., 219 NY 533).
The Court of Appeals in the Coleman case (supra) has determined that the effect of taxes is not one of these factors. This appears to be the majority position (Ann., 16 ALR4th 589, § 8). If this is the law on the subject, it follows that plaintiff should be entitled to recover an amount equal to the inheritance taxes which effectuated a reduction in the decedent’s estate (and a concomitant reduction in the amount distributable to decedent’s kin). The size of decedent’s estate may be affected by the factors cited above, as well as potential wills, marriages, probable dissipations or accumulations of her assets, possible charitable contributions, expenditures for decedent’s own living expenses, etc. But according to the Coleman decision, and the majority viewpoint, the damages awarded, as measured by the size of decedent’s estate, may not be reduced by tax liabilities. To the extent reduced, it is recoverable so long as it is ascertainable by competent evidence. (See, e.g., Horton v State of New York, 50 Misc 2d 1017.)
In fact, the case to be found which most nearly resembles the one at bar was reported in England. The decision in Davies v Whiteways Cyder Co. ([1975] QB 262, [1974] 3 All ER 168) addressed an issue which nearly coincides with the issue under consideration. In Davies, it was held that the additional death taxes falling due with respect to a gift that had been made by a decedent, because decedent’s death came within seven years of the gift, were recoverable under England’s Fatal Accidents Act.
In another jurisdiction, it has been held that the measure of damage, when determining the loss to the estate, is the probable value of the decedent’s estate had he or she not prematurely expired, less the actual value of the estate at death. (Osborne v Russell, 669 P2d 550, 560 [Alaska].) The court sees no prohibition against applying this measure of damages to the facts herein. Under plaintiff’s theory (subject, of course, to proof) the probable value of decedent’s estate would be $728,038.86, less the actual value payable to the distributees ($602,476.71) or $125,562.15.
The Coleman decision precluded consideration of income taxes in a jury’s award in personal injury actions. The rationale of Coleman was extended to wrongful death actions in Vasina v Grumman Corp. (492 F Supp 943, affd 644 F2d 112 *941 [2d Cir 1981], supra). The Second Department has embraced the rationale of Coleman in Sullivan v Held (81 AD2d 663, 665, supra).
The United States Supreme Court, on first blush, appears to have answered the question to the contrary. In Norfolk & W. Ry. Co. v Liepelt (444 US 490), it was held that the only realistic measure of damages in a wrongful death action was the wage earner’s after tax income. The wrongful death action in Liepelt arose under the Federal Employers’ Liability Act (45 USC § 51 et seq.). However, a closer reading reveals that the court was narrowly construing the measure of damages in FELA wrongful death actions only. To this extent Liepelt is not controlling.
Damages received on account of personal injuries are not taxable income (26 USC § 104 [a] [2]). This also applies to wrongful death actions; they are not taxable to the recipient (Rev Rui 54-19, 1954-1 Cum Bull 179; Norfolk & W. Ry. Co. v Liepelt, supra, at p 496). As was stated succinctly in Louis-saint v Hudson Waterways Corp. (111 Misc 2d 122, 129): "If the United States Government is willing to forego taxes which might otherwise have become due on earnings or its equivalent, there appears to be no persuasive reason why a tortfeasor, rather than a tort-victim should gain the benefits of the tax forgiveness.”
As applied to the situation sub judice, a similar conclusion may be drawn. If the United States Government was willing to confer greater tax benefits on the estates of persons dying in 1987 rather than in 1982, there is no reason why the victims of defendant’s tortious conduct should have to suffer the pecuniary losses of additional tax due as a direct result of the decedent’s premature death.
Furthermore, on a motion for summary judgment, the movant has the burden of establishing its right to the relief sought as a matter of law. (See, Lopez v Senatore, 97 AD2d 787 [2d Dept]; CPLR 3212 [b].) The failure to demonstrate the right to this relief as a matter of law requires denial of the motion, even if the opposing papers are insufficient (Cugini v System Lbr. Co., 111 AD2d 114). Given the current state of the law, movant has not met its burden of showing a clear right to the relief.
Motion denied.