OPINION OF THE COURT
David O. Boehm, J.
The decedent, Jean Pratt, died on February 19, 1979, 27 days after a fire destroyed her home. The fire was allegedly caused by defects in a gas furnace manufactured by Friedrich Air Conditioning and Refrigeration Co., predecessor in interest to defendant Marley-Wylain Co. In November 1980, the plaintiffs, executors of the decedent’s estate, commenced this action seeking, in part, damages for decedent’s wrongful death.
The decedent died testate, and named her three adult children, a daughter and two sons, as residuary beneficiaries in her will. The will further provides that the estate taxes are to be paid from the residuary estate. Decedent’s three children are also decedent’s only statutory distributees (EPTL 1-2.5, 4-1.1).
In their bill of particulars plaintiffs assert as an item of special damages the increased estate taxes which resulted from decedent’s premature death. Specifically, the plaintiffs claim that the decedent’s untimely death resulted in the proceeds from the insurance policies which she had transferred to her children being included in her estate and, by dying when she did, the estate was deprived of phased-in tax credits. All of the defendants in the main action, as well as *590 third-party defendant Flair Manufacturing Corp., move to dismiss this claim for special damages.*
Plaintiffs contend that decedent, who was 78 years old at the time of her death, had a statistical life expectancy of about 10 years. In August 1976, decedent transferred ownership of 11 life insurance policies with total proceeds of $79,683.33 to her three children. Because she did not live the required three-year period following these gifts, the policy proceeds were included in her estate for estate tax purposes as gifts in contemplation of death, resulting in additional combined Federal and New York estate taxes of $31,235.86.
In addition, plaintiffs argue that decedent’s premature death deprived her estate of the full value of the phased-in "unified credit” (26 USC § 2010). Added to the Federal estate tax law in 1976 and amended as part of the Economic Recovery Act of 1981, the unified credit provided for a phased-in credit starting at $30,000 for decedents dying in 1977, and reaching a maximum of $192,800 for those dying in 1987 and thereafter. If decedent had lived her normal life expectancy, plaintiffs argue, she would have lived two years longer than necessary to have the benefit of the maximum unified credit. However, since she died in 1979 when the unified credit was $38,000, the resulting estate taxes were $154,800 more than if the maximum unified credit applied.
Since loss of a possibility of inheritance is a proper element of damage in a death action, plaintiffs’ position is not without merit (37 NY Jur 2d, Death, § 322). Indeed, one court has held that increased estate taxes resulting from a decedent’s premature death deprived her estate of the benefit of a higher unified credit, and therefore constituted a recoverable pecuniary loss (Farrar v Brooklyn Union Gas Co., 131 Misc 2d 936).
Defendant, Marley-Wylain, argues, however, that Farrar (supra) is distinguishable because the decedent there died intestate and thus the increased tax burden fell upon the decedent’s distributees in their capacity as intestate distributees. Here, however, the decedent executed a will and therefore, Marley-Wylain contends, the distributees only suffered injury in their capacity as residuary beneficiaries, not as *591 intestate distributees, the only capacity in which they may recover under the wrongful death statute. Marley-Wylain cites no authority for its position.
While it is true that the purpose of a wrongful death action is to compensate a decedent’s distributees for pecuniary injuries they sustained as a result of the decedent’s death (Parilis v Feinstein, 49 NY2d 984, 985), this is not to say that those persons coming within the definition of distributees (EPTL 1-2.5) may not recover for pecuniary injuries simply because the decedent died testate. EPTL 5-4.1, expressly authorizes the "personal representative” of a decedent to maintain a wrongful death action, a term which encompasses both executors and administrators (Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 5-4.1, at 380). Furthermore, section 5-4.1 also gives distributees the right to have an administrator appointed to prosecute the action on their behalf whenever the executor named in the will refuses to act.
As stated, pecuniary injuries for which damages are recoverable in a wrongful death action include the loss of possible inheritance (Parilis v Feinstein, supra; Keenan v Brooklyn City R. R. Co., 145 NY 348, 350-351; Sternfels v Metropolitan St. Ry. Co., 73 App Div 494, affd 174 NY 512), and where a decedent’s premature death results in an increase in estate taxes, thereby reducing the inheritance received by the decedent’s distributees, such loss constitutes a recoverable pecuniary injury (Farrar v Brooklyn Union Gas, 131 Misc 2d 936, supra).
That the distributees here are also named as residuary beneficiaries under decedent’s will, and that the will also provides that estate taxes shall be paid out of the residuary, does not alter the fact that the distributees have suffered a loss of inheritance caused by decedent’s premature death. Simply because this inheritance was derived by will rather than by statutory rules of descent and distribution (EPTL 4-1.1) should not affect the distributees’ right to be compensated for this loss (see, 1 Speiser, Recovery for Wrongful Death § 3:39 [2d ed]).
The elements of a cause of action for wrongful death are (1) the death of a human being; (2) the wrongful act, neglect of default of defendant by which the decedent’s death was caused; (3) the survival of distributees who suffered pecuniary loss by reason of the death of the decedent; and (4) the *592 appointment of a personal representative of the decedent (Chong v New York City Tr. Auth., 83 AD2d 546). There does not appear to be any requirement that the pecuniary loss suffered by distributees be suffered only in their capacity as intestate distributees. Rather, all that is required is that there be surviving distributees who suffered pecuniary loss as a result of decedent’s death.
The inequity in Marley-Wylain’s position is particularly evident given the facts of this case. If the decedent died without leaving a will, the three distributees would each be entitled to a one-third share of the estate (EPTL 4-1.1 [a] [6]), and the estate tax would be equally apportioned among them (EPTL 2-1.8 [c] [1]). In such case, as Farrar (supra) holds, the distributees would be entitled to recover as a loss of inheritance the amount the increased estate taxes reduced their ultimate shares in decedent’s estate.
Having left a will directing estate taxes to be paid from the residuary and thereafter giving the residue to the same three distributees, the decedent created the identical tax situation which would have existed had there been no will. Thus, the distributees sustained the same reduction in their ultimate inheritance because of the increased estate taxes. Here, too, the rule in Farrar (supra) should apply. The essential elements are the same, distributees who have suffered a pecuniary loss as a result of decedent’s death.
Marley-Wylain’s contention that these damages are too speculative and should be dismissed on that ground is at best premature. Such considerations as decedent’s life expectancy, possible future transfers or reduction in the size of the estate, and changes in tax laws are for the trier of fact to determine based on competent evidence (see, Parilis v Feinstein, 49 NY2d 984, supra).
The motion and cross motions are, accordingly, denied.

 Originally the motion to dismiss was asserted against all of the special . damages asserted in paragraphs 16 B, C, D, E and G of plaintiffs’ bill of particulars. However, plaintiffs have withdrawn all of the claims asserted in the above paragraphs except for that portion of paragraph B which is at issue here.