■ JOHN OLDEN, Appellant, v THOMAS BOLTON, Respondent. —Mahoney, P. J. Appeal from an order and judgment of the Supreme Court (Dier, J.), in favor of defendant, entered November 20, 1986 in Warren County, upon a dismissal of the complaint at the close of plaintiff's case.

On September 12, 1982, plaintiff and defendant, neighbors in the Town of Warrensburg, Warren County, were cutting logs into firewood with the use of chain saws. At some point, something caused plaintiff's chain saw to kick back. Plaintiff used his hand to shield his face from the chain saw and his hand was seriously injured.

Plaintiff commenced an action against defendant alleging ordinary negligence. Upon demand plaintiff served a verified bill of particulars alleging, inter alia, that defendant was negligent in using his chain saw on other logs in the vicinity

of plaintiff. However, at trial plaintiff refuted this allegation and maintained that defendant had been using his saw on the same log that plaintiff was sawing. After this testimony was given, plaintiff's counsel moved for leave to amend the pleadings to conform to the proof (CPLR 3025 [c]). Supreme Court denied the motion.

Additionally, Supreme Court refused to allow plaintiff to introduce expert testimony because of plaintiff's failure to comply with the requirements of CPLR 3101 (d) (1), which provides that, upon a demand, a party must disclose the identity of expert witnesses and the substance of their testimony. At the close of plaintiff's case, Supreme Court granted defendant's motion to dismiss the complaint pursuant to CPLR 4401 on the ground that plaintiff had failed to prove a prima facie case of negligence. This appeal by plaintiff ensued.

Initially, we hold that Supreme Court properly denied plaintiff's motion for leave to amend the pleadings to conform to the proof. While this statutory provision extends great latitude to a trial court and permits amendments to pleadings during trial in the absence of prejudice to the nonmoving party (see, Murray v City of New York, 43 NY2d 400, 405), a trial court may properly deny such relief where the party knew of the evidentiary variance well before the trial. We have stated that "[w]hile permission to amend a complaint should be freely given * * * a motion for that relief should be made promptly after discovery or awareness of the facts upon which such an amendment is predicated" (De Carlo v Economy Baler Div., 57 AD2d 1002). Here, plaintiff gave the same testimony at an examination before trial as he gave at trial and such was at variance with the facts alleged in the pleadings. Thus, even though defendant concedes that he would incur neither prejudice nor surprise if the amendment were allowed, Supreme Court still acted properly in denying the motion because it is clear that plaintiff could have made his motion at a much earlier point in time.

Next, we conclude that Supreme Court properly precluded plaintiff from introducing expert testimony under CPLR 3101 (d) (1). That provision essentially provides that upon request, parties must identify all persons whom they expect to call as experts at trial and must disclose the subject matter that the experts will discuss and the grounds for their opinion. The statute is applicable to all actions commenced on or after July 1, 1985 (L 1985, ch 294, § 25). Plaintiff commenced this action on June 6, 1985 and argues for the first time on appeal that the provision is inapplicable. Although the statute became

effective after this action was commenced, plaintiff cannot successfully raise the issue of applicability of the statute for the first time on appeal *(see, Nelson v Times Sq. Stores Corp.,* 110 AD2d 691, *appeal dismissed* 67 NY2d 645; *Glielmi v Toys "R" Us,* 94 AD2d 663, *affd* 62 NY2d 664; *Matter of Van Wormer v Leversee,* 87 AD2d 942). Accordingly, plaintiff has waived his contention based on the applicability of CPLR 3101 (d) (1).* Further, plaintiff argued at trial that his expert witness should be permitted to testify since he was located only several days before trial. This argument is unpersuasive. Given plaintiff's own attempt to apply the statute, and the authority of case law, plaintiff cannot argue now that the statute does not apply.

Finally, we hold that Supreme Court properly granted defendant's motion pursuant to CPLR 4401 to dismiss plaintiff's complaint on the ground that he failed to establish a prima facie case. A motion under CPLR 4401 should only be granted if there is no rational view of the evidence which a fact finder could take which would support a finding for the nonmoving party. Here, the evidence produced by plaintiff was insufficient to establish a prima facie case of defendant's liability *(see, Sheehan v City of New York,* 40 NY2d 496). While the proof clearly demonstrated that defendant owed plaintiff a duty of care, there was no proof to establish that defendant breached such duty.

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* Case law authorizing the raising of an issue for the first time on appeal is generally applicable only to respondents, not appellants *(see, Sega v State of New York,* 60 NY2d 183, 190, n 2).