■ GARY GOOD, Appellant-Respondent, v SERVICE APARTMENTS, INC., Defendant and Third-Party Plaintiff-Respondent. THERMAL PROFILES, INC., Third-Party Defendant-Respondent-Appellant.—In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Kings County (Ramirez, J.), entered September 11, 1990, as, upon a jury verdict, awarded him the principal sum of only $7,000 for past pain and suffering and the principal sum of only $6,000 for future pain and suffering, as part of a total award in the principal sum of $91,052, and (2) the third-party defendant Thermal Profiles, Inc., cross-appeals, as limited by its brief, from so much of the same judgment as is in favor of the plaintiff on the issue of liability.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by reducing the principal sum awarded to the plaintiff from $91,052, to $85,052, representing all damages except for damages for future pain and suffering, and adding thereto a provision severing the plaintiff's claim for damages for future pain and suffering and granting a new trial with respect thereto, unless within 30 days after service upon the defendant and the third-party defendant of a copy of this decision and order, with notice of entry, the defendant and the third-party defendant shall each serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for future pain and suffering to $20,000, and thus the total principal sum awarded to the plaintiff to $105,052, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, payable by the defendant and the third-party defendant; in the event that the defendant and the third-party defendant so stipulate, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.

The third-party defendant argues, *inter alia,* that the jury's

determination as to liability was contrary to the weight of the evidence. This contention is without merit *(see, Glielmi v Toys "R" Us,* 94 AD2d 663, *affd* 62 NY2d 664; *Lunn v County of Nassau,* 115 AD2d 457; *Nicastro v Park,* 113 AD2d 129).

The award of damages was inadequate to the extent indicated *(see,* CPLR 5501 [c]). Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.