■ AUDREY NOVAK, Appellant, v CORCO CHEMICAL CORP. et al., Respondents. (And Third-Party Actions.) [599 NYS2d 130] — In an action to recover damages for personal injuries based on strict products liability, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated December 3, 1990, which, upon a motion pursuant to CPLR 4404 (a) of the defendants Corco Chemical Corp. and Thor Chemical Equipment Corp., set aside the verdict as to liability in the plaintiff's favor and against them, and dismissed the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is denied, the jury's verdict as to liability is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

The plaintiff slipped while walking through a puddle of liquid chloroform, fell, and injured her knee. At trial, she produced evidence which tended to show that a bottle of

chloroform had exploded while resting on a shelf inside a cabinet, that this explosion was due to some defect in the chloroform's manufacture or packaging and that this explosion had resulted in the dangerous condition which caused her to slip and fall.

The expert witness produced on behalf of the defense gave testimony which was intended to support the conclusion that the bottle of chloroform had not exploded, but had instead fallen off the shelf. This hypothesis, however, was substantially undermined by the testimony presented on behalf of the plaintiff, which established that a portion of the broken chloroform bottle was found still on the shelf after the accident occurred. Also, the plaintiff testified that, at the time she heard the explosion, she saw the door of the cabinet which enclosed the shelf "shoot open". The defense expert's alternative hypothesis that the bottle was hit by something while on the shelf and was "decapitated" is not very plausible, as the evidence fails to establish with any clarity what force could have caused such a "decapitation".

Under these and all the other circumstances of this case, we conclude that the jury's verdict was supported by the weight of the evidence. The plaintiff's proof was sufficient to warrant the inference that only a defect in the chloroform or its packaging could have caused the occurrence which resulted in the accident *(see, Halloran v Virginia Chems.,* 41 NY2d 386; *see also, Winckel v Atlantic Rentals & Sales,* 159 AD2d 124). The defense expert's testimony, which held open the possibility that the bottle had not exploded on its own, but had instead been "decapitated" by some unidentified intervening force, offered an explanation for this occurrence which, in light of all the circumstances of this case, was conjectural and had no basis in the evidence presented *(cf., Fox v Corning Glass Works,* 81 AD2d 826).

The order of the trial court setting aside the verdict and dismissing the complaint could properly be affirmed only if it were to appear that there was "no valid line of reasoning * * * which could possibly have led rational men to the conclusion reached by the jury" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see also, Nicastro v Park,* 113 AD2d 129, 132). Applying this standard, we conclude that the order appealed from must be reversed. We also find that the jury's verdict should be reinstated, and that a new trial is unwarranted, since the verdict under review is one which, in our opinion, was reached based on a fair interpretation of the evidence

*(Nicastro v Park, supra,* at 134).* Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.