■ Mary Carr, Respondent, v Jacob Perl Associates, Appellant, et al., Defendants. Jacob Perl Associates, Doing Business as Jacob Pero Associates, Third-Party Plaintiff-Appellant-Respondent, v Otis Elevator Company, Third-Party Defendant-Respondent-Appellant. [607 NYS2d 301] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about October 9, 1992, which, inter alia, denied defendant-appellant's motion for summary judgment dismissing the complaint and all cross-claims against it, granted plaintiff's cross-motion for partial summary judgment on the issue of liability against defendant-appellant, and denied third-party defendant-respondent's cross-motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant defendant-appellant summary judgment on its third-party complaint seeking indemnity from third-party defendant-respondent, and otherwise affirmed, without costs.

Under Labor Law § 240 (1), a building owner is absolutely liable for injuries suffered by a worker engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" when those injuries are proximately caused by a failure to provide specified safety devices (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 518-519). In this case, plaintiff, an elevator maintenance mechanic, was attempting to climb into the body of an elevator stuck between floors without appropriate equipment to

reach the raised car, when she slipped and fell beneath the elevator into the open shaft and was injured. On these facts, partial summary judgment on the issue of defendant-appellant Jacob Perl Associates' ("Perl") liability as owner of the building for violation of Labor Law § 240 (1) was properly awarded *(see, Stolt v General Foods Corp.,* 81 NY2d 918). In particular, we note that, as the elevator was inoperable, plaintiff was engaged in "repair" work within the meaning of the statute *(see, Izrailev v Ficarra Furniture,* 70 NY2d 813).

Moreover, upon our review of the record we find that summary judgment should be awarded to Perl on its third-party action against Otis Elevator Company ("Otis"), plaintiff's employer. Initially, we note that summary judgment may be granted to Perl even though it was not sought in the IAS Court. A summary judgment motion searches the record, and, if warranted, an appellate court may therefore grant summary judgment to the non-moving party *(Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110).

When an owner is held liable for injuries solely by virtue of the provisions of Labor Law § 240 (1) despite its lack of supervision or control over the work being done or proof of actual negligence, the owner is entitled to indemnity from the party who was actually responsible for the supervision, direction and control of the work the plaintiff was performing at the time of injury *(Kelly v Diesel Constr. Div.,* 35 NY2d 1; *Glielmi v Toys "R" Us,* 94 AD2d 663, *affd* 62 NY2d 664).

In this case, the record establishes that the contract for elevator maintenance service was solely between the lessee and Otis, and it is clear that defendant Perl did not exercise any supervision, direction or control over plaintiff's work.

Nor is there any basis to find actual negligence on Perl's part. Otis's contention that Perl did not establish either that it bore no obligation to maintain the building in a safe condition or, alternatively, that it fulfilled any such obligation is to no avail, as the record contains no evidence indicating that the accident was a result of a failure to properly maintain the building. Under these circumstances, we find that defendant Perl has established its right to summary judgment on its third-party complaint. Concur—Murphy, P. J., Carro, Ellerin and Kupferman, JJ.