■ VERONICA ROBINSON, as Conservator of VINCENT T. ROBINSON, et al., Respondents, v ROBERT BOSCH POWER TOOL CORPORATION, Appellant, and Third-Party Plaintiff, et al., Defendants, et al., Third-Party Defendant. (And Third-Party Actions.) [633 NYS2d 298] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered March 1, 1995, which, *inter alia*, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

We agree with the IAS Court that plaintiffs presented substantial circumstantial evidence in support of their design defect and failure to warn claims. " ' "Proof of defendant's liability may be established by circumstantial as well as direct evidence." ' " (*Flynn v Manhattan & Bronx Surface Tr. Operating Auth.*, 94 AD2d 617, 618, *affd* 61 NY2d 769.) A jury could reasonably infer that defendant-appellant's chop saw was defectively designed and that the "defect was a substantial factor in causing plaintiff's injury" (*Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 110). Concur—Rosenberger, J. P., Rubin, Kupferman and Williams, JJ.