■ ROBERT PLACE et al., Appellants, v FEDERAL PACIFIC ELECTRIC Co., Respondent. (And a Third-Party Action.) [659 NYS2d 29] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 16, 1996, which granted defendant's motion, pursuant to CPLR 4404, to set aside the jury's verdict in plaintiffs' favor and dismissed the complaint, unanimously modified, on the law and the facts, without costs, to deny the motion insofar as addressed to liability, and to grant it insofar as addressed to damages only to the extent of setting aside the award of $340,000 for past lost earnings and the award of $255,000 for future lost earnings, and directing a new trial thereon, unless plaintiff stipulates within 30 days from the date of this order to reduce the award for past lost earnings to $175,000, and to no award for future lost earnings, the motion otherwise denied and the jury verdict, as so modified, reinstated.

Plaintiff was injured when an electrical switch box manufactured by the defendant exploded as he attempted to open it to turn it off. The switch supplied power to a broken circuit breaker at a job site. When functioning properly, the switch box is designed so that a handle on its door also controls the

power. When this handle is turned down to the off position, contact blades, which connect to the fuses inside the box, disengage and break the electrical circuit, allowing the door to open safely. The interlock device is similarly designed to prevent the door from opening when the switch is energized.

Plaintiff testified at trial that he had difficulty turning the switch box handle to the off position, that he did not hear the distinctive sound of the switch mechanism disengaging, but that he did hear something falling as the door was partially open. On cross-examination, plaintiff categorically denied inserting a screwdriver into the live switch box, adding that although he had intended to remove the fuses, there was no reason for him to have been testing them in this manner; he had already determined that the problem lay with the circuit breaker. Plaintiff presented two lay witnesses, foremen at the site, to testify that after the accident the handle on the box was in the off position, one of the fuses was missing and the door was partially open. These witnesses added that the location of plaintiff's burns was consistent with his account of the incident. Plaintiff also presented an expert witness who opined that the accident resulted from two defects in the switch: (1) the failure of the handle to open the contact blades, and (2) the failure of the interlock device to prevent the door from being opened with the blades welded in the closed position and the switch still energized.

The defense presented one lay witness who testified generally as to the condition of the switch box after the explosion and the pre-market testing procedures that were performed on the type of switch. The defense theory relied upon by the court in determining to direct a verdict was that plaintiff had not eliminated non-defect related causes of the accident, specifically referring to plaintiff's expert's acknowledgement that the switch could have been short circuited by the insertion of a screwdriver. We reinstate the verdict as to liability.

In *Mirand v City of New York* (190 AD2d 282, 287, *affd* 84 NY2d 44) we held that, "[o]n a challenge to the sufficiency of a verdict in favor of a plaintiff, the evidence in support thereof must be accepted as true and viewed in the light most favorable to the plaintiff. (*Alexander v Eldred*, 63 NY2d 460, 464.) 'For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence * * * [i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial.' (*Cohen v Hallmark Cards*, 45

NY2d 493, 499.) Only if the evidence is such that it would be 'utterly irrational for a jury to reach the verdict it has determined upon' may a court conclude 'that the verdict is as a matter of law not supported by the evidence.' (*Supra*, at 499.)" Here, there was sufficient direct and circumstantial evidence to prove that plaintiff's injuries were proximately caused by a defect that existed in the switch at the time it left the manufacturer (*see, Robinson v Bosch Power Tool Corp.*, 221 AD2d 177; *Halloran v Virginia Chems.*, 41 NY2d 386; *Sanders v Quikstak, Inc.*, 889 F Supp 128, 131). The defense theory that plaintiff could have caused the accident by inserting a screwdriver was specifically countered by plaintiff's categorical denial of having done so (*see, Novak v Corco Chem. Co.*, 194 AD2d 652). Since the jury was entitled to credit plaintiff's testimony, and, upon our review, the record supports the jury's verdict as to liability, we reinstate it.

The award of damages for past lost earnings deviates materially from what is reasonable compensation (CPLR 5501 [c]), since the uncontested evidence reveals that plaintiff was out of work for 3½ years and he earned approximately $50,000 per year. Finally, the award of future lost earnings is not supported by the weight of the evidence. Concur—Rosenberger, J. P., Ellerin, Rubin, Tom and Andrias, JJ.