■ NICHOLAS DRIVAS, Respondent, v RICHARD BREGER et al., as Executors of ABRAHAM CHINITZ, Deceased, Appellants and Third-Party Plaintiffs, et al., Defendants. NISA GLASS SYSTEMS, INC., Third-Party Defendant-Respondent. [663 NYS2d 576] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered January 6, 1997, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability as against the defendant executors and denied the executors' cross motion for summary judgment as against third-party defendant Nisa Glass Systems, Inc., unanimously affirmed, with costs.

The platform upon which plaintiff was standing, and which collapsed while he was working on appellants' building, was a "furnished or erected" safety device within the meaning of Labor Law § 240 (1), notwithstanding the fact that it was permanently affixed to that building. The IAS Court properly granted plaintiff summary judgment on the issue of liability as against appellants upon plaintiff's showing of a violation of the statute and the owner's failure to submit any evidentiary facts in opposition (*see, Kirchner v BRC Human Servs. Corp.*, 224 AD2d 270).

The existence of triable factual issues as to whether the executors negligently maintained the building precluded the award of summary judgment on their claims for indemnification and/or contribution from Nisa (*cf., Carr v Perl Assocs.*, 201 AD2d 296). Nisa's cross motion to dismiss that third-party claim was properly denied since Nisa failed to establish it was operated merely as an alter ego of plaintiff, without any regard for corporate form. Concur—Nardelli, J. P., Mazzarelli, Andrias and Colabella, JJ.