■ MIGUEL A. GUZMAN, Respondent, v L.M.P. REALTY CORP. et al., Appellants. L.M.P. REALTY CORP., Third-Party Plaintiff-Appellant, v UNITED CONSULTING SERVICES, Third-Party Defendant, and PRACTICAL CONSTRUCTORS, LTD., Third-Party Defendant-Respondent. [691 NYS2d 483] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about July 9, 1998, to the extent that it denied the motion by defendant Dragone Bros. for summary judgment and granted plaintiff's cross motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against the Dragone defendants, the cross motion denied, and the matter remanded for further proceedings on the issue of common-law negligence. The Clerk is directed to enter judgment in favor of the Dragone defendants dismissing the complaint as against them.

Dragone leased commercial space in Queens from defendant L.M.P. Realty. The landlord contracted with third-party defendant United Consulting Services for restoration of a building on the premises. During the construction, plaintiff, an employee of the subcontractor, third-party defendant Practical Constructors, was injured when he fell from a ladder whose legs allegedly gave way.

Absolute liability under the Scaffold Act (Labor Law § 240 [1]) applies to "contractors and owners" at a work site. A lessee is liable under the statute only where it can be shown that it was in control of the work site, and one test of such control is where the lessee actually hires the general contractor (*Frierson v Concourse Plaza Assocs.*, 189 AD2d 609, 611). Landlord L.M.P. had hired the contractor here. Lessee Dragone neither contracted for nor supervised the renovation work, had no authority over safety measures at the work site (*Santos v American Museum of Natural History*, 187 AD2d 420, 421-422), nor did it supply any of the safety devices such as the ladder from which plaintiff fell (*cf.*, *Glielmi v Toys "R" Us*, 94 AD2d 663, *affd* 62 NY2d 664). Therefore, Dragone's summary judgment motion should have been granted.

Plaintiff testified at deposition that after his fall, he noticed one of the ladder's legs was bent. Defendants challenged that allegation with photographic evidence that the legs of the ladder were still quite straight, with the swiveling rubber anti-skid footpads still intact. Defendants further offered the testimony of the subcontractor's president to the effect that plaintiff had been observed "skipping" the ladder, i.e., trying to move it while perched on it by jerking his body. Normally, such evidence of comparative causation cannot be used to diminish defendants' liability under the Scaffold Act (*MacNair v Salamon*, 199 AD2d 170, 172). Furthermore, the subcontracting executive's testimony was based on hearsay. However, in opposing a motion for summary judgment, hearsay evidence may be utilized as long as it is not the only evidence submitted (*Koren v Weihs*, 201 AD2d 268, 269). Here, the hearsay observations of plaintiff's activity on the ladder are accompanied by the photographic evidence contradicting plaintiff's assertion of defective equipment. A plausible defense theory, supported by evidence, has thus placed plaintiff's credibility in issue, rendering this action inappropriate for summary disposition in his favor. Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.